UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LACY,

                    Plaintiff,                    Case No. 1:12-cv-867

v.                                                Hon. Robert J. Jonker

APPLE, MICROSOFT, GOOGLE,
INTEL, ORACLE, FACEBOOK,
NETFLIX, SONY, SAMSUNG,
and MOTOROLA,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to § 1915. Consequently, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

### I.      Discussion

The court reviews a complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) under the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it

asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*, citing *Twombly*, 550 U.S. at 555.

The court should dismiss this complaint for lack of jurisdiction.  The court has a duty to read a *pro se* plaintiff's complaint indulgently.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987).  Here, however, even the most liberal reading of plaintiff's allegations cannot be construed as setting forth a cause of action against the ten named defendants.  This complaint, which is entitled "Silicon Valley EEOC Federal Violation," consists of a collection of vague allegations against various corporate defendants throughout the country, such as: "Companies have not released their EEOC Reports as stated by Federal Law;"  "Incomplete EEOC Reports;"  "Federal law compliance to surrender their EEOC Reports to U.S. Federal Court;" and "The U.S. Federal Court has the responsibility to 'Force the Issue,' for Federal Law compliance and render a Federal fine for non-compliance."  Compl. (docket no. 1).  The complaint does not allege that defendants violated any of plaintiff's legal rights nor does it seek any relief on behalf of plaintiff.  Rather, plaintiff appears to be acting at least in part as a self-appointed prosecutor, asking the court to issue millions of dollars of fines against defendants, e.g.: "a 3-million dollar a day Federal fine after a specified date and grace period for non-reporting to the U.S. Federal Court with a [sic] EEOC Report;"  "a 2-million dollar a day Federal fine after a specified date and grace period for incomplete EEOC Reports or information crafted to evade U.S. Federal employment laws, taxes, and  SEC employment reports for investors;" and, "a 4-million dollar a day Federal fine after 180

days past a specified date and grace period for non-reporting to the U.S. Federal Court with a FULL

and COMPLETE EEOC Report to the U.S. Federal Court." *Id.* (emphasis in original).

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of

subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when

the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid

of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The

vague, attenuated and unsubstantial allegations set forth in plaintiff's complaint are insufficient to

establish subject matter jurisdiction in this court. Accordingly, plaintiff's complaint should be

dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). To the extent plaintiff can establish

jurisdiction, of course, he may do so in response to this Report and Recommendation.

## II.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be dismissed.


Dated:  October 5, 2012                    /s/ Hugh W. Brenneman, Jr.
                                           HUGH W. BRENNEMAN, JR.
                                           United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).