UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LACY,

        Plaintiff,

v.

CASE NO. 1:12-CV-867

HON. ROBERT J. JONKER

APPLE, MICROSOFT, GOOGLE,
INTEL, ORACLE, FACEBOOK,
NETFLIX, SONY, SAMSUNG,
and MOTOROLA,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 10) and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (docket # 11). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R.CIV. P. 72(b).

The Court has reviewed de novo the claims presented to the Magistrate Judge, the Report and Recommendation itself, and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct, and that Plaintiff's civil action against Defendants should be dismissed under both FED. R. CIV. P. 12(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). (Report and Recommendation, docket # 11, at 1-3.)

In most circumstances, a district court may only dismiss a complaint on a party's motion. However, as the Sixth Circuit observed in *Apple v. Glenn*, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999). The Magistrate Judge concluded that Plaintiff's Complaint sets forth "vague, attenuated, and unsubstantial allegations" justifying dismissal under Rule 12(b)(1). (Report and Recommendation, docket # 11, at 3.) The Court agrees. The Complaint and Objections are so rambling and incoherent that they do not provide any basis for understanding what specifically Plaintiff is even complaining about, let alone a basis for believing that the Court has subject matter jurisdiction over his claims.

Furthermore, since Plaintiff is proceeding *in forma pauperis*, the Court must *sua sponte* dismiss his Complaint if it determines that Plaintiff has failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as the one used to evaluate a motion for dismissal under FED. R. CIV. P. 12(b)(6). *Davis v. Prison Health Services*, 679 F.3d 433, 437 (6th Cir. 2012). Under that

standard, the Court must dismiss Plaintiff's Complaint unless he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nothing in the Complaint or Objections warrants the Court's drawing any such inference here. Plaintiff proffers only generalized allegations that Defendants violated Equal Employment Opportunity Commission reporting requirements. (Compl., docket # 1, at 1-4.) But those allegations do not provide the Court with a way to know which requirements Defendants supposedly violated, or how Defendants supposedly violated those requirements. Without that information, the Court cannot reasonably infer that Defendants are liable for any specific misconduct. It must, therefore, dismiss Plaintiff's Complaint.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 18) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**.


Dated:     November 9, 2012                /s/ Robert J. Jonker
                                                                            ROBERT J. JONKER
                                                                           UNITED STATES DISTRICT JUDGE